**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**HAYWARD COLLIER,**

           **Defendant**

NO. 5: 08-CR-40 (HL)

VIOLATIONS: **18 U.S.C. §1623, Etc.**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Christopher Brian Jarrard of the Federal Defenders Office; the United States was represented by Assistant U.S. Attorney Leah E. McEwen. Based upon the evidence presented and proffered to the court by counsel for the parties and the contents of the Pretrial Services Report dated July 22, 2008, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U.S. Probation Office dated July 22, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant Collier to be released from custody at this time. Defendant Collier has strong family ties to the Middle District of Georgia; he and his wife have been married for sixteen years  He is currently unemployed, receiving disability income since 2003. The offenses charged against him are serious ones for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. The weight of evidence against him appears to be strong: Special Agent Craig Davis of the Federal Bureau of Investigation testified as to incidents in 2006 wherein defendant Collier for money facilitated individuals charged with criminal offenses in having their criminal prosecutions mitigated by co-defendant Brooks E. Blitch, III, then a Superior Court judge, thus obstructing justice. The defendant's perjury charge stems from his denial of his actions. His estimated guideline sentencing range is 57 months to 71 months in prison if convicted.

Defendant Collier has a history of criminal arrests and convictions going back to 1974. He has the following felony convictions: AGGRAVATED ASSAULT, 1974, Superior Court of Berrien County, Georgia; AGGRAVATED ASSAULT, 1978, Superior Court of Berrien County; AGGRAVATED ASSAULT, CRIMINAL DAMAGE TO PROPERTY, and TERRORISTIC THREATS AND ACTS, 1981, Superior Court of Berrien County; BURGLARY, 1985, Superior Court of Berrien County; and, POSSESSION OF DANGEROUS DRUGS, PURCHASE/POSSESS/CONTROL ILLEGAL DRUGS, BURGLARY, CRIMINAL DAMAGE TO PROPERTY, and AGGRAVATED ASSAULT, 1988, Superior Court of Berrien County.

Significantly, in February/March of 2008, defendant Collier was charged in Lowndes County, Georgia with the offenses of BURGLARY and TERRORISTIC THREATS AND ACTS arising out of an incident at a construction site. Evidence presented at the Detention Hearing indicated that defendant Collier and another individual were in the process of stealing items from the construction site when they were confronted by individuals associated with the construction project. At that time and place, defendant Collier made a death threat to one of the individuals.

Because there is evidence that defendant Collier has obstructed justice in mitigating cases before co-defendant Blitch and that he has in recent months made a threat to kill an individual, the undersigned finds that defendant Collier would pose a serious danger to the community were he to be released from custody. Although he has had no criminal convictions in over twenty years, defendant Collier has demonstrated a propensity to engage in illegal activity. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 22nd day of JULY, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE